UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| EDWARD BILL KNIGHT, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:16-cv-205-JRG-CCS |
| JASON NORRIS, d/b/a 81 Auto Sales, | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the referral Order [Doc. 14] of the District Judge.

Now before the Court is Plaintiff's Motion for Default Judgment [Doc. 9] and Plaintiff's Motion for Award of Costs and Attorney Fees [Doc. 12]. The Court conducted a hearing on March 3, 2017. Attorney Steven Taterka appeared on behalf of the Plaintiff. The Defendant did not appear.

For the reasons more fully explained below, the Court **RECOMMENDS** that the Motion for Default Judgment [**Doc. 9**] and Plaintiff's Motion for Award of Costs and Attorney Fees [**Doc. 12**] be **GRANTED**. The Court will **RECOMMEND** that a default judgment in the amount of $10,000.00 be entered in Plaintiff's favor and that the Plaintiff be awarded $4,950.00 in attorney's fees and $415.00 in costs, which were incurred in litigating this case. Accordingly, the Court **RECOMMENDS** that a total amount of $15,365.00 be awarded to the Plaintiff.

I.   BACKGROUND

The following allegations are taken from the Complaint. On or about March 7, 2014, the Defendant acquired a 2007 Chevrolet Silverado ("Silverado"). At the time the Defendant acquired the Silverado, the Defendant knew that it had traveled not less than 228,195 miles. After acquiring

the Silverado, the Defendant removed or altered the odometer of the Silverado so that the odometer read not more than 113,021 miles. On or about April 30, 2014, the Defendant sold the vehicle to the Plaintiff.

At the time of the sale, the Defendant completed an odometer disclosure statement on a South Carolina Department of Motor Vehicles Bill of Sale form. On the odometer disclosure statement, the Defendant represented that the odometer reading of the vehicle was 113,021 miles. The Defendant certified that, to the best of his knowledge, the odometer reading of 113,021 miles was the actual mileage of the vehicle. In addition, the Defendant provided the South Carolina Department of Motor Vehicles Bill of Sale form to, or knew the Plaintiff would provide such form to, the Knoxville TVA Employees Credit Union, the Plaintiff's lender. At the time of the sale to the Plaintiff, the Defendant also completed an 81 Auto Sales Invoice ("Invoice"). On the Invoice, the Defendant represented that the accrued mileage of the vehicle was 113,021 miles. However, the Silverado had traveled not less than 228,195 miles.

The Plaintiff initiated [Doc. 1] this action on April 28, 2016. The Plaintiff alleges that in the course of removing the odometer and altering or replacing it with a different odometer reflecting less mileage, the Defendant violated the Odometer Act and the Tennessee Consumer Protection Act. In addition, the Plaintiff alleges that the Defendant committed fraud. The Plaintiff requests that the Court award statutory damages, actual damages, punitive damages, and reasonable attorney's fees. Specifically, the Plaintiff requests damages no less than $12,000.00 for each violation of the Odometer Act and the Tennessee Consumer Protection Act and $4,000.00 for fraud.

## II. PROCEDURAL POSTURE

The Complaint in this matter was served [Doc. 5] on the Defendant on May 7, 2016. The Defendant did not respond to the Complaint within the time allowed by the Federal Rules of Civil Procedure. On July 1, 2016, the Clerk entered a default [Doc. 7] on the Defendant.

On November 11, 2016, the Plaintiff filed the instant Motions. With respect to his Motion for Default Judgment, the Plaintiff requests the Court for entry of a default judgment against the Defendant pursuant to Federal Rule of Civil Procedure 55(b)(2). The Plaintiff asserts that the Defendant's liability was established upon the Clerk's entry of default and that the Plaintiff is entitled to damages of $10,000.00 pursuant to the Odometer Act. The Plaintiff states that in his Complaint, he sought damages of $12,000.00 ($4,000 trebled pursuant to 49 U.S.C. 32710(a)) but that the nominal difference between such an amount and the statutory minimum does not warrant the Court's time for a damages hearing. The Plaintiff requests that damages be assessed at the statutory minimum of $10,000.00.

With respect to the Motion for Award of Costs and Attorney Fees [Doc. 12], the Plaintiff requests his costs and attorney's fees pursuant to Federal Rule of Civil Procedure 54(d) and 49 U.S.C. § 32710(b). In support of his request, Plaintiff's counsel filed an Affidavit explaining his professional experience and the activities and hours that are claimed in the instant matter. Counsel's Affidavit states that he charges $300.00 per hour and that he spent 16.5 hours working on this case. Further, the Affidavit states that the costs incurred in prosecuting this action include the $400.00 filing fee and a $15.00 sheriff's service fee.

On January 17, 2017, and February 2, 2017, the Court entered Orders [Docs. 15, 18] directing the Defendant to appear before it on March 3, 2017, to show cause why a default

3

judgment should not be entered.[1] As mentioned above, on March 3, 2017, the Court held a show cause hearing. Attorney Taterka appeared on behalf of the Plaintiff. The Defendant was not present. During the hearing, Attorney Taterka stated that the Plaintiff was no longer requesting treble damages and that Plaintiff only requests the statutory minimum amount of damages, which is $10,000.00. Further, Attorney Taterka stated that his hourly rate is $300.00 per hour and that he was not including, in his request for attorney's fees, the time for the March 3 hearing.

### III. ANALYSIS

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Following the entry of default, a party may apply for default judgment, and the Court may conduct a hearing – if needed, to perform an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter – prior to entering default judgment. Fed. R. Civ. P. 55(b). "Once the Clerk has entered a default against a defendant, the Court must treat all well-pleaded allegations in the Complaint as true." AF Holdings LLC v. Bossard, 976 F. Supp. 2d 927, 929 (W.D. Mich. 2013) (citing Thomas v. Miller, 489 F.3d 293, 299 (6th Cir. 2007) (entry of default judgment "conclusively establishes every factual predicate of a claim for relief")).

In the present matter, there is no dispute that the Clerk has entered a default in accordance with Rule 55 [Doc. 7], and that the Plaintiff has moved [Doc. 9] for entry of default judgment. Taking as true the allegations in the Complaint [Doc. 1], the Court **INCORPORATES BY REFERENCE** the allegations as set forth by the Plaintiff. The Court accepts all such allegations, and specifically, the Court **FINDS**, based upon entry of default, that the Defendant is in violation

---

[1] The Court's January 17 Order [Doc. 15] was sent to the Defendant's address as provided in the Complaint. The mail was returned as undeliverable [Doc. 16], so the Court mailed another Order [Doc. 17] to the forwarding address.

of the Odometer Act, 49 U.S.C. § 32701 *et seq.,* and the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101 *et seq.,* and has committed fraud.

As mentioned above, the Plaintiff requests damages in the amount of $10,000.00, which represents the statutory minimum for a violation of the Odometer Act. Pursuant to 49 § U.S.C. 32710(a), "A person that violates this chapter or a regulation prescribed or order issued under this chapter, with the intent to defraud, is liable for 3 times the actual damages or $10,000.00, whichever is greater." Further, § 32710(b) provides, "The court shall award costs and a reasonable attorney's fee to the person when a judgment is entered for that person." The Court **RECOMMENDS** that a default judgment in the amount of $10,000.00 be awarded to the Plaintiff. In addition, the Court has reviewed Attorney Taterka's Affidavit and finds that his hourly rate ($300.00) and the amount of time spent on this case (16.4 hours) are reasonable. The Court **RECOMMENDS** that the Plaintiff be awarded attorney's fees in the amount of $4,950.00, and costs in the amount of $415.00. Accordingly, the Court **RECOMMENDS** that a judgment in the total amount of $15,365.00 be awarded to the Plaintiff.

## IV. CONCLUSION

Based upon these findings and taking all well-pleaded allegations in the Complaint as true, the undersigned **RECOMMENDS**[2] as follows:

1. The Motion for Entry of Default Judgment [**Doc. 9**] be **GRANTED;**

2. The Motion for Award of Costs and Attorney Fees [**Doc. 12**] be **GRANTED**;

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).

3. The Defendant be **ADJUDGED** in violation of the Odometer Act and the Tennessee Consumer Protection Act and of committing fraud; and

4. That judgment in the total amount of $15,365.00 be awarded to the Plaintiff.

The Clerk of Court is **DIRECTED** to send the Defendant a copy of this Report and Recommendation at the address provided in the Court's show cause Order [Doc. 17].

Respectfully submitted,

<u>   s/ C. Clifford Shirley, Jr.   </u>
United States Magistrate Judge